UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CALVIN L. BRADLEY,

         **Plaintiff,**      08-CV-61S(Sr)

v.

**TOWN OF CHEEKTOWAGA, et al.,**

         **Defendants.**

---

## DECISION AND ORDER

    This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #7.

    Currently before the Court is plaintiff's motion to compel a response to plaintiff's Notice to Produce dated July 31, 2008 and to compel production of certain documents. Dkt. #16. The underlying action claims that Town of Cheektowaga police officers used excessive force and violated plaintiff's civil rights. Dkt. ##16-2 and 16-3. For the following reasons, plaintiff's motion to compel is granted in part and denied in part.

    Plaintiff commenced this action in New York State Supreme Court, Erie County on or about December 28, 2007. Dkt. ##16-2 and 16-3. Plaintiff's claims arise out of an incident that took place on or about February 12, 2007 resulting in plaintiff's

arrest, a fractured rib and fractured right shoulder. Specifically, plaintiff's complaint alleges that defendants Smith, Leising, Murcin, Kusak and Grant each "did willfully, maliciously and intentionally assault and strike, without provocation, the plaintiff, Calvin L. Bradley." Dkt. #16-3, ¶¶ 9-13. Plaintiff further alleges that defendants Town of Cheektowaga and Town of Cheektowaga Police Department are liable for the actions of the individual defendants based on the theory of *respondeat superior*. *Id*. at ¶ 14. In addition to plaintiff's claims that defendants used excessive force and in so doing violated his civil rights, plaintiff further alleges that his injuries were caused by the "negligence, carelessness, recklessness and unlawful conduct" of the defendants. *Id*. at ¶ 24. Finally, plaintiff claims that defendants Town of Cheektowaga, Town of Cheektowaga Police Department failed to adequately train, supervise and control the individual defendants and furthermore, failed to take action and/or terminate officers who have a "propensity to violate rules and regulations." *Id*. at ¶¶ 27-29. Thereafter, on or about January 23, 2008, defendants removed the action to the United States District Court, Western District of New York. Dkt. #1. Defendants filed their answer on January 25, 2008. Dkt. #2.

On July 31, 2008, plaintiff served a "Notice to Produce" seeking the production of eight categories of documents and things. Dkt. #16-5. Specifically, plaintiff's Notice to Produce sought:

> 1. Supporting Deposition of the arresting officers concerning the incident involving plaintiff on February 12, 2007.
>
> 2. Any and all Photographs of the plaintiff including mug shots taken in connection with the incident on February 12,

> 2007, or at any other time.
>
> 3. All Dispatch Communications for February 11, 2007, 10:00 p.m. to February 12, 2007, 1:00 a.m.
>
> 4. All records of injuries sustained by arrestees during the course of an arrest by the Town of Cheektowaga Police for the time period February 12, 2006 to February 12, 2007.
>
> 5. All Documents reflecting written or oral complaints by or on behalf of persons arrested by the Town of Cheektowaga Police for the period of time February 12, 2006 to February 12, 2007.
>
> 6. All Policies, Procedures and/or Protocols of the Cheektowaga Police Department concerning reasonable suspicion and probable cause to detain and arrest individuals; the use of force, the use of pepper spray and/or weapons to subdue an arrestee; and notification of rights to arrestee.
>
> 7. Town of Cheektowaga Police Car Surveillance Video or Photographs for February 12, 2007 for the police vehicle that responded to the scene of the subject incident involving the plaintiff.
>
> 8. The Crack Pipe alleged by the police as having been thrown by the plaintiff during the arrest.

Dkt. #16-5. By letter dated September 3, 2008, counsel for defendants sent counsel for plaintiff a letter stating, in its entirety,

> [w]e object to your notice to produce dated July 31, 2008. Item 3 is overly broad. Item 4 is overly broad and seeks the discovery of confidential and/or protected information. Item 5 is overly broad and seeks the discovery of confidential and/or protected information. Item 6 is overly broad. Regarding the other items in the notice, we will provide you with a response under separate cover. Thank you.

Dkt. #16-7. In response, plaintiff's counsel sent defendants' counsel a letter dated September 10, 2008 wherein she stated that defendants' counsel's response to

plaintiff's notice to produce was untimely and she referred defendants' counsel to an enclosed copy of *Fausto v. City of New York*, 17 A.D.3d 520, 793 N.Y.S.2d 165 (2nd Dept. 2005). Thereafter, plaintiff's counsel did not receive a formal response to the Notice to Produce and filed the instant motion to compel on or about October 8, 2008. Dkt. #16. Specifically, plaintiff's motion to compel seeks an order compelling defendants to respond to the Notice to Produce and for those items 3 through 5 to which defendants objected, plaintiff seeks the production of those items. *Id*.

On or about October 24, 2008, defendants' counsel served Responses to Plaintiff's Notice to Produce. Dkt. #20-2. Insofar as defendants did submit a formal response to plaintiff's Notice to Produce, albeit late, that portion of plaintiff's motion seeking an order compelling defendants to respond is now moot. Based on defendants' Response to Plaintiff's Notice to Produce (Dkt. #20-2) and defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel (Dkt. #22), a dispute remains with respect to requests 3, 4 and 5 only. Request 3 sought the production of all dispatch communications for February 11, 2007, 10:00 p.m. to February 12, 2007, 1:00 a.m. In response, defendants produced a CD containing the "recordings of relevant communications." Dkt. #22, p.6. In his Reply Memorandum of Law, plaintiff argues that the CD produced by defendants is "missing tracks 59, 61, 62, 64, 66, 68, 69, 70, and 71." Dkt. #24, ¶ 13. In further support of his motion to compel production of the "missing tracks," plaintiff states,

> In order to be able to fully evaluate the timing of the other tracks provided and the location and dispatch of various police officers named herein, and also given that the

> detainment of the plaintiff was connected to a call about a
> vehicle break-in in the neighborhood, plaintiff is entitled to all
> tracks during the time period requested.

Dkt. #24, ¶ 14. Based on the record before this Court, plaintiff has not demonstrated that he is entitled to all the dispatch communications for the three hour period between February 11, 2007, 10:00 p.m. and February 12, 2007, 1:00 a.m. Plaintiff is only entitled to those dispatch communications that relate to the initial communication concerning a vehicle break-in and all subsequent communications concerning this plaintiff; all other communications are irrelevant.

Requests 4 and 5 seek the production of all records of injuries sustained or complaints made by persons arrested by the Town of Cheektowaga Police Department during the period February 12, 2006 to February 12, 2007. Dkt. #16-5. As a threshold matter, defendants maintain that the requests are overly broad and not calculated to lead to the discovery of admissible evidence. Dkt. #20-2. However, with respect to request 5 defendants stated, "[w]ithout waiving this objection, defendants respond that no complaint of excessive force have [sic] been made against the named officers during the period of February 12, 2006 to February 12, 2007 other than the complaint herein." *Id*. at p.3. In support of his motion to compel, plaintiff relies on *Fausto v. City of New York*, 17 A.D.2d 520, 793 N.Y.S.2d 165 (2nd Dept. 2005). Plaintiff's reliance on *Fausto* is misplaced.[1]

---

[1］ "Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues." *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, where, as here, the issue is not outcome determinative, but is

Here, the documents and records sought by requests 4 and 5 are wholly irrelevant to plaintiff's claims of excessive force. A claim of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution has both a subjective and objective component. To satisfy the subjective component, a plaintiff must demonstrate that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009), *quoting Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) and *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Whether conduct can be characterized by "wantonness" is determined by "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wright,* 554 F.3d at 268, *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective component of a claim of cruel and unusual punishment concentrates on the harm done in light of "contemporary standards of decency." *Wright*, 554 F.3d at 268, *quoting Hudson*, 803 U.S. at 8. Thus, documents and records relating to injuries sustained by arrestees other than plaintiff and complaints made by or on behalf of arrestees other than plaintiff concerning any member of the Town of Cheektowaga Police Department are, as defendants argue, not calculated to lead to the discovery of admissible evidence. Such evidence would be inadmissible because it is simply not relevant to plaintiff's claim of excessive use of force. Although not obligated to do so, defendants

---

procedural in nature, *to wit*, a discovery dispute concerning the production of documents, New York State substantive law is not applicable. Rather, Fed.R.Civ.P. 34 and federal law apply and do not, under the circumstances presented herein, require the production of the documents sought in requests 4 and 5.

did search their records and state that "no complaint of excessive force have [sic] been made against the named officers during the period of February 12, 2006 to February 12, 2007 other than the complaint herein." Dkt. #20-2, p.3.

## CONCLUSION

For the foregoing reasons, that portion of plaintiff's motion to compel (Dkt. #16) which relates to request 3 is **GRANTED** only insofar as plaintiff is entitled to those dispatch communications that relate to the initial communication concerning a vehicle break-in and all subsequent communications concerning this plaintiff; all other dispatch communications are irrelevant. With respect to requests 4 and 5, plaintiff's motion to compel (Dkt. #16) is **DENIED.**

**SO ORDERED.**

DATED:  Buffalo, New York
        July 15, 2009

                                    **s/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**